We'll hear Ronald Moran Cadillac v. United States. Now for something entirely different. Good morning. May it please the Court, my name is LeVar Taylor and I appear today on behalf of Ronald Moran Cadillac, the appellant in this case. This case involves an issue of first impression under Section 267 of the Internal Revenue Bill. Namely, what portion of the interest on a related party note can be deducted in the year in which the note is disposed of and sold to a completely unrelated third party? The facts in this case are not in dispute. The sole shareholder of Ronald Moran Cadillac lent money to the dealership, an amount of approximately $2.3 million. Tell me if I've got the logical structure of the argument right. What it comes down to is don't apply the then clause in Section 267 because the if clause is not applicable for 1994. And because one of the if clauses doesn't apply, he can deduct the 92 or Ronald Moran Cadillac can deduct the 92 and 93 interest as well as the 94 interest in 94. You don't get to the then clause without the if clause. That's a fair summary. Is that the case? Yes. And the reason you don't, moving forward, you know, the government's argument essentially is that, well, under 461, you can't deduct it. The government's brief says, well, let's treat the dealership as if it's on a cash basis for the first, when in a year where as of December 31st, the note is held between related parties. Well, we know that in 1994, when the note was sold, you can't do that. You just look at the last day of the year, right, to see if it's held by related parties. That's correct. And it wasn't. And it wasn't. And we know that it's not on the cash basis for that year because the government conceded below and concedes now that the interest that accrued on the debt between January 1st of 1994 and the date of disposition is deductible in 1994. So that's a given. Now, if Congress could have said, you know, we don't like this related party interest and, in fact, under the old law, pre-1984 law, there was an absolute bar, Congress could have said, we're not going to allow any predisposition interest to be deducted, but they didn't do that. They said, well, you look at December 31st, and if they're not related, the taint doesn't exist anymore. That's the whole purpose of 267 is to prohibit deductions where the note is held as of December 31st between related parties. That condition is not present in 1994. The accrued interest is deductible independently of 267. Is that right? And 267 just sets up a bar to the deduction where it's related parties and a related party won't be taking the income. That's correct. So because 267 on its own terms clearly allows the deduction of the interest that accrued on a related party note from January to September of 1994, the purpose of the statute is not to bar all pre-what I call disposition interest in the year in which the note is disposed of. That used to be the case under the old law, correct? Prior to 1984, that's correct. But the legislative history seems to indicate pretty clearly that Congress intended that the deduction would not be able to be taken until the payment, the interest payment is actually made, correct? Well, the legislative history addresses a situation where the note year after year is held by a related party. It doesn't talk about the legislative history simply doesn't discuss what happens when the note is disposed of. It doesn't address that situation to the extent it's relevant. And we think when you look at the structure of Section 267, it's quite clear if Congress had intended to say, sorry, you can't get that predisposition interest, they wouldn't have allowed the deduction for 1994. But they did, and the government conceded that point. And that really is the heart of our argument, is that you look at the statute and it says Well, you can deduct it in 1994. Why? You clearly can do that, because at the end of the year, the parties are not related. It doesn't make sense to say, well, we're only going to give you 94. Now, the government says under Section 461, oh, when we converted in pre-'94 years when you were on the cash method, and now we're converting to the accrual, which you have to do to allow the deduction for January through September of 1994, the government says, well, under 461, well, you know, it accrued in prior years, so you don't get the deduction this year. That ignores the fact that on the books of Ronald Moran Cadillac, when the note is sold, there's a book entry. You no longer have a book entry where it's a note to shareholder. You have now changed that to a book entry to note to third party. That's sufficient to create an interest deduction on the accrual method of accounting for 1994. And so, you know, 461 is essentially, the argument is essentially a red herring. The government makes reference in its brief to the fact that, oh, there's, you know, manipulation. Well, there's certain things that we all agree on in this appeal, and one of them is that the normal rule, the normal rule is that if you have an accrual basis taxpayer that borrows money from a cash basis taxpayer that's unrelated and doesn't pay the interest, they still get the deduction. So that's the normal rule. We're dealing here with an exception to that rule. So Congress has already said, that's okay. That's, again, you know, along with the concession that you get the deduction for all the 1994 interest, those two principles taken together compel a result that the entire amount of interest on a note exists as of December 31st, 1994, should be deductible in 1994 to Ronald Moran Cadillac because on that date the note was held by an unrelated third party. What is your position with respect to the Treasury regulations that, the temporary Treasury regulations that implement 267? The very question that we are deciding here is addressed and the answer is given contrary to your position. That was question number five. Isn't that correct? Well, first, we don't agree that it answers the precise question presented by this case. But before I address that point. In what way is it different? Well, the regulation addresses a situation. The example we used in the brief was you have a trustee of a trust and you have the beneficiary of a trust, and those are the related parties to the note. Okay? The trustee resigns. You still have the same obligor and the same obligee on the note, but the tainted relationship is no longer there. That's the situation the regulation was intended to apply to. I guess your argument would be, even assuming the temporary regulation is still applicable, the word such takes it out, right? Yes. And moving back away from the language of the regulation, this is a temporary regulation. It was not promulgated pursuant to the normal procedures of the Administrative Procedure Act where you say, here's a proposed regulation, we're going to set it out for public comment, we're going to take those comments, and then we're going to adjust the regulation in response to those comments. A temporary regulation is just issued by the IRS by its own, without input from the public, and it's sat there. Now, if you do research in tax law, you'll notice there are not very many elderly temporary tax regulations. This one's 20 years old. As I said, it gives new meaning to the word temporary. In 1988, Congress changed the law and amended Section 7805 of the Internal Revenue Code and said, all regulations promulgated after, I think, November 20, 1988, that are temporary regulations are only valid for three years, unless you go ahead and say, hey, you know, we're going to treat them as a proposed regulation and then ultimately a full-blown regulation. So while that amendment technically doesn't apply because this regulation was promulgated before the effective date of that amendment to 7805, we know what Congress thinks of temporary regulations. They don't want them around for more than three years unless the IRS does something more. The IRS has not done something more in this case. If you were to prevail in this case, what, if anything, would we need to say about Union Bank Cal? Union Bank Cal is distinguishable because it involves a legislative regulation. In other words, the subsection of 267 involved in Union Bank Cal said, IRS, we want you to promulgate regulations in this specific area. And it's a complex area. It's, you know, international, you know, consolidated groups. It's a very, very technical area, which Congress doesn't feel comfortable. It says, so IRS, we want you to look at this, and we want you specifically to promulgate regulations. That's not the case here. This is strictly, you know, in tax parlance what's called an interpretive regulation, not a legislative regulation. And it's just the IRS's opinion of what this language means, nothing more. Is there anything in the legislative history to show that Congress intended that this rule be applied retroactively in a situation like we have here? That is to say where you can take a deduction retroactive to the beginning of the relationship. I'm not aware of anything in the legislative history that addresses that point. And with that, I'll reserve the balance of my time for rebuttal unless the panel has any further questions. Thank you, counsel. Thank you. May it please the Court. I'm Francesca Ugolini, counsel for the United States. The issue in this case is whether the district court correctly held that once an interest deduction has been deferred by Section 267A2, the taxpayer must wait to claim the deduction until the time specifically set forth in the statute and not at any other time. Counsel, my thought is that in each tax year, you look at the law, if you're the taxpayer, to see what taxes you're supposed to pay. In 1994, as Ron Moran Cadillac looks at the law, it has interest that it has accrued for 92 and 93 and more interest that it accrued for 94, and it looks at the law to see if it can deduct it. Generally, it can deduct its accrued interest. It looks at 267 to see if it's prohibited from deducting the accrued interest. And the structure of 267 is if A and B, then C, no deduction. And the if clause, one of the if clauses isn't satisfied, so 267 has no application. It can deduct the accrued interest. What am I missing there? Right. Well, first of all, I just wanted to clarify something. The interest in this case actually began accruing in 1981 through 1983. That's when the loans were first made. But I understand your point about the if and then clause. But if you look at the if clause in the statute, it says, if you want to take a moment to turn to the statute, I'm looking at 267A to B. I'm skipping down to B. And it says, if at the close of the taxable year of the taxpayer, for which but for this paragraph, the amount would be deductible under this chapter. And I'm focusing on the part that begins, for which but for this paragraph, the amount would be deductible under this chapter. In each tax year, the taxpayer can only deduct the interest that accrues in that year. So in 1994, the taxpayer would normally only deduct the interest that accrues in 94, not the interest that has amassed over each tax year. And the same goes for 93, 92, all the previous years. So really the way the statute works in this case is beginning in 1981 when the first loan was made. The taxpayer prepares its tax return, determines its items of income, determines all its possible deductions. Under the statute, under Section 461, it's an accrual basis taxpayer. It can normally deduct the interest cost that has accrued in that year and only that year, in 1981. However, as the taxpayer has conceded, in 1981, Section 267A2 applied to the interest deduction. Therefore, the deduction could not be taken. That interest was essentially pulled out, boxed up, and put on that box a label that says, not deductible until it is includable in the gross income of the person to whom payment is made. And it's essentially set aside. Because a fundamental point that the taxpayer's argument overlooks is that each tax year stands on its own. So this analysis is done every year. Each year, the interest deduction is sort of left out of the tax return. Hold on. Take me through the wording again. I just want to hear you say it again in different words to make sure I understand. Okay. I'm looking at 267A2B. Okay. And what you're saying is that as background for this, I have to remember that an accrual basis taxpayer can't deduct interest that accrued in prior years, only in the calendar year for which taxes are being paid. Right. And that's actually a rule that applies to any taxpayer, regardless of its accounting method. That's a concept that's really fundamental to this tax system. Sure, but it doesn't really come up for a cash basis taxpayer. Right. That our tax system is based on this annual accounting system, and that any deviation from the annual accounting system has to be expressly provided by the Internal Revenue Code. So at the end of each tax year, you determine your items of income, and you determine your items of deduction. At all the previous tax years prior to that. So what you're saying is you need something special in the statutes to let you take a previous year's accrued interest. Right. Deduction. Right. Are you saying that they lose that any opportunity ever to take that deduction? No. If you look at the remaining language in 267A2B, once the section applies, it says the amount that would have been deductible, which is just the amount of interest that accrued in that year, then the deduction is allowed, going down to the flesh language of the statute after paragraph B, it says, then any deduction allowable under this chapter in respect of such amount shall be allowable as of the day as of which such amount is includable in the gross income of the person to whom payment is made. So that deduction. But what if later? Or if later, as of the day on which it would be so allowable but for this paragraph. But why isn't that applicable here? Well, that just means if there's some other internal revenue code section that actually defers the deduction even later than 267A2, then the deduction would be deferred even later. So that's allowing another code section to trump, you know, if it applies. So in effect, the deduction initially under the old law was lost. Right. And then with the IRS taketh away, it giveth back. So it gave back the deduction, but only when the cash basis taxpayer takes the interest in income. Is that your position? Right. And I think that's also clearly reflected in the legislative history. I think the legislative history clearly states that the deduction will be allowed no earlier than when the income is included in the payee's gross income. It speaks — it uses language such as no earlier than. In this case, what the taxpayer is essentially trying to do is go back to all of these sort of closed tax years, tax years in which the taxpayer concedes the section applied and sort of change the labels. I'm having trouble reading this your way consistently with the grammar. Okay. My problem is I don't get to the then clause that then the deduction shall be allowable as of the day the amount is includable. I don't get to that unless at the close of the taxable year the interest accruer and the prospective interest recipient are related. If they're not related taxpayers, then A2B doesn't apply, so I never get — or A2B isn't satisfied, so I never get to then the deduction shall be allowable as of the day when the amount is includable. Instead, it looks like the deduction will never be allowable. And I know that that isn't the intent of the law. Right. This analysis is done — you do this for each tax year. This is why for 1994, for example, the note was sold during 94, and in 94, the interest at the end of the year was owed to an unrelated party. So in 1994, this section didn't apply, and the taxpayer was allowed to deduct the interest. In previous years, the language of this statute applied. Oh, I understand that part. My problem is suppose I go with you. I get on the train with you, and I go with you. I accept that the previous accrued interest was put in a box not to be opened until the code says it can be opened, and that you can't deduct accrued interest for prior taxable years unless the code says you can, because it's contrary to the general rule. And then I'm looking at the then clause as what opens the box. Okay. But it looks like it's never going to open the box for those prior years. Well, in this case, I mean — Because when this third party, the party that bought the notes, when it gets paid and has to include the interest, that year will not be a year when Ron Moran Cadillac and the third party that bought the notes are related, and it will not be a year when — well, I don't think either the A or the B will apply in that year. So it looks like it won't be includable that year. Well, I don't know — I don't think that the statute, the language of the statute requires the payment to be made to necessarily the same party to whom the interest is owed. No, it could negotiate the note to somebody else. Right. I don't care who it negotiates the note to. My point — my point is that when the interest is actually paid and the recipient of the interest has to include it in the income, it looks like Ron Moran Cadillac won't be able to deduct it that year, if I follow your reading of 267. I think it would, because it says the deduction would be allowable as of the day when the amount is includable in the income of the person to whom payment is made. So Ronald Moran would pay TMC, or the income would be includable in TMC's income, and then in that same year Ronald Moran would get the deduction. Is what you're saying exemplified by there's a statement in the legislative history that says as follows in the Ways and Means Committee hearings, thus the accrual basis taxpayer will be allowed to deduct business expenses or interest owed to a related cash-based taxpayer when payment is made. And I'm eliminating the paren. In other words, the deduction by the payer, in this case the holder of the debtor, will be allowed no earlier than when the corresponding income is recognized by the payee. Right. That's correct. Essentially what the statute does is set up a system whereby the taxpayer will not be able to take the deduction until it pays the income. The language in the statute is just a little more vague to provide for the situation where perhaps the recipient of the income constructively receives it and does not actually receive it. That's why it's sort of worded the way it is. But essentially Ronald Moran will be able to sort of open those boxes from previous years once it pays the income. In this case, the taxpayer has conceded that it did not make any interest payments in 1994, and there's no evidence in the record that TMC otherwise included any interest payments in its income as of the end of 1994. So basically those boxes from previous years cannot be opened yet. I have another question, but I'm trying to formulate it. Go ahead. Okay. Well, I'm happy to entertain your additional questions. I just wanted to make another point. The taxpayer has argued in its opening brief and reply brief that the policy of preventing tax avoidance has been met in this case by applying 267A2 to previous tax years, but now that the note has been sold, there's no more concern for tax avoidance. However, if all of the deferred interest deductions can be accelerated into the year in which the note is sold, then related parties can act strategically in their tax planning by arranging for the note to be sold in the year most favorable to the debtor to get this large interest deduction. So the potential for tax avoidance still exists. And this point is a case in point. Cesar Joaquin sold the note at a discount and claimed a $500,000 loss on his tax return. The taxpayer attempted to deduct 13 years' worth of accrued interest and claimed a large net operating loss, over $800,000, which was sufficient to offset its 1991 and 1992 tax liabilities. The record does not indicate that TMC reported any interest income. So the result are losses claimed by two taxpayers, the related ones, and no income claimed by anyone. Ultimately, the district court's ruling in this case comports with the plain language of the statute and promotes the purpose of the statute to prevent tax avoidance. For that reason, the district court's ruling should be upheld. I'm through with my argument unless you'd like to ask additional questions. I know the language of the statute is messy, as with most tax statutes. Well, I guess my question is basically, I think it's answered, but I want to make sure. My thought was the only thing that locks the deduction into a box is 267. And once 267 is opened because an unrelated taxpayer has bought the notes or acquired the notes, then the lock is off and they can deduct. And your answer to that, if I understand it right, is that lock is off. True. But a taxpayer can only deduct interest accrued during that tax year. So the taxpayer needs a special invitation to deduct interest accrued in another year, even though the 267 lock is off the box. That's correct. Have I got that logic right? That's correct. And 267, it does not apply on a going forward basis, but it doesn't change the result from previous tax years. The only thing that can take the lock off the box for the previous tax years is inclusion of the interest income on TMC's tax return. That's the plain language of the statute and the Treasury regulation, which mirrors exactly the language of the statute. But for the refinement of the statute about, shall we say, the second lock or the sublock, i.e., when the payment is actually made, then an accrual-based taxpayer would be able to deduct all of the interest in the year when the interest accrues, namely 1994. In the absence of 267? Correct. In 1994, an accrual-basis taxpayer would only be able to deduct interest that accrued in 94. If for some reason it had interest that accrued in a prior year, in 93, for example, and it just simply forgot or for whatever reason failed to take the deduction, it would not be able to take the deduction in 94. It would have to file an amended return for 1993, or it would lose the deduction altogether. For each tax year, you can only deduct the costs that have accrued in that tax year unless the Internal Revenue Code allows you a special exception. Thank you, counsel. If I may address one of the last points that counsel for the government said. She said, oh, this is tax avoidance. Well, I respectfully disagree. It's tax planning. Congress has already said it's okay. Leonard Hand said you have a right to avoid every penny you don't owe. Congress has already said it's okay for Corporation A to deduct the interest, even though B doesn't pick it up as income if they're not related. Could you speak to this argument that your adversary made, that, yes, the 267 lock is off the box. There is no longer a 267 prohibition against the deduction once the third party has acquired the note. Nevertheless, a taxpayer can't deduct interest that accrued in a prior tax year except insofar as the code specially allows for it on account of the general rule that a taxpayer can only deduct items for that tax year. Well, you have, in essence, a new accrual because you have this note on the books of Ronald Moran Cadillac. No, it's not a new accrual. It accrued in a prior year. You have this note going to a new party, and you make an entry on the books. What once was a note to, if you accept that proposition, what once was a note payable to the shareholder is now a note. You're making a book entry now note payable to a third party. That is sufficient. I'm thinking what I have in the books is a page for the note, and it used to be owed to the related taxpayer. And then when the note was acquired by the unrelated taxpayer, I just wrote something at the top of the page, now owned by unrelated taxpayer. But I've previously written each year for, if it's a $100 note at 6%, I wrote down $6 the first year, accrued interest owed to the related taxpayer. And then in the second year, I wrote down $6, or if it's compounded, $6 in some sense, accrued owed to the related taxpayer. And then the note gets acquired. In the third year, I write another $6, or $6 in some sense, if it's compounded, accrued to, and it's now owed to the unrelated taxpayer, but that doesn't affect my books any. It's a little over $18, or it is $18, and it's accrued in years 1, 2, and 3. And I have this accrued liability no matter who it's owed to. Well, it's accrued to the related taxpayer, not accrued to the acquirer of the note until a note is acquired, is our response. Now, I'd like to make one point. There was a reference to interest accruing from 1981. In the excerpts of record at page 58, you'll see that as of 1989, there was less than $4,000 of accrued interest. Both your income statement and your balance sheet are unaffected by who the money is owed to if you're an accrual basis taxpayer. That's why I was thinking nothing new happens. Well, what new happens is it's a new party, and you're not going to find any case law on this. And I looked. The problem is, one way or the other, because outside of 267, the issue is never going to come up. And so if you have an unrelated party, they're going to – and now the note is sold after the deduction is taken. Well, you only get a deduction once. You don't get it twice. So you're just never going to have a case that comes up with this issue. I looked for it. I could not find it. But that's our position. That, yes, I understand there's still no additional money owed, but it's a new party. There's a new entry on the books, and that's sufficient to create a deduction. Just say it again so I'll be sure I can understand it. Why the general limitation to same-year transactions doesn't apply? Because the debt has been assigned or sold, in this case, to a third party, as the obligor on the note, Ronald Moran Cadillac. No, that doesn't answer it. That answers why the second clause, the second if clause in 267 doesn't apply. But what I'm getting at is every taxpayer would like to save his deductions for years when he makes a lot of money. So the IRS doesn't let us. It says you can only take the deductions in the year when you paid the money if you're cash or you accrued the expense if you're accrual basis. And what you need is to take interest that you accrued in a prior year and deduct it this year. Because the note has been sold to an unrelated third party. There is a new entry on the book saying what once was a note to shareholder. What you're saying is really you're agreeing with the government that 267 is your permission. Well, what I'm saying is the 461, the normal rule of 461 doesn't apply. And you won't see a case on this one way or another because it just can't, this factual scenario can't arise out of 267. So I'm sort of saying that, but not quite. Because it's the rule of 461 that, or an exception to the rule of 461, if you will, because you have now this note going to a third party as opposed to the shareholder that gives rise to the accrual, which won't occur outside of 267 because you already claimed a deduction in a prior year if the note was to an unrelated third party. I have nothing further unless the Court has any questions. Thank you, counsel. Thank you. Thank you both for making such a complex case so understandable. It was a pleasure to hear both of you.
judges: Noonan, Kleinfeld, White